IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANNON R. DAVIS, #K-74025, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12−cv−168−MJR |
| | ) |
| WARDEN BATES, S.A. GODINEZ, JOHN SHEPARD, DEBBIE ISAAC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Big Muddy River Correctional Center, has brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants Warden Bates, S.A. Godinez, John Shepard, and Debbie Isaac were deliberately indifferent to his serious medical condition. More specifically, Plaintiff alleges that since his arrival at Big Muddy River Correctional Center he has been forced to consume an excessive amount of soy as part of his diet which he caused him to have an allergic reaction after meals, including vomiting, diarrhea, trouble breathing, severe abdominal pain, dizzy spells, fatigue, and rashes. He saw Dr. John Shepard regarding his symptoms and asked for a soy-free diet, but Shepard refused to give him a soy free diet or schedule tests to determine the cause of his illness. He also informed medical director Debbie Isaac of his condition through a request form which she ignored. Plaintiff also alleges that S.A. Godinez and Warden Bates were deliberately indifferent to his serious medical needs by ignoring his grievances and refusing to overrule the grievance officer's findings.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  On review, the Court shall identify cognizable claims or dismiss any portions of the Complaint that are frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant with immunity.  28 U.S.C. §1915A(b).  To state an Eighth Amendment deliberate indifference claim, a plaintiff must allege that he had an objectively serious medical need, and that a defendant was aware of that need but was deliberately indifferent to it.  *See King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012).  Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Shepard and Isaac for deliberate indifference (Count 1).  To the extent Plaintiff seeks monetary damages against Defendants Godinez and Warden Bates for deliberate indifference, Defendants Godinez and Warden Bates are dismissed on initial review because neither has a direct role in providing medical treatment nor can they be held liable under a doctrine of respondeat supervisor.  *Burks v. Raemisch*, 555 F.3d 592, 595-95 (7th Cir. 2009); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).  Further, neither Godinez nor Bates can be held liable for failing to remedy Plaintiff's grievance to his liking as Plaintiff has no constitutional right in having his grievance resolved in his favor.  *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005).  However, to the extent Plaintiff seeks a preliminary injunction, Defendants Warden Bates and S.A. Godinez are proper defendants because Plaintiff seeks injunctive relief regarding his diet and medical treatment.  *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (When seeking injunctive relief, the warden is a proper party whether or not the warden participated in the alleged violation, as the warden would be responsible for implementing any injunctive relief).

## DISPOSITION

To the extent Plaintiff seeks monetary damages, the claims for deliberate indifference against Godinez and Bates are **DISMISSED with prejudice**. Deliberate indifference claims against Bates and Godinez seeking injunctive relief remain pending.

As to Defendants Shepard, Isaac, Bates, and Godinez, the Clerk of Court shall prepare: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a

district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed in forma pauperis has been granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 7 days after a transfer or other change in address occurs.  Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

DATED. August 14, 2012.

                                                /s/ *Michael J. Reagan*
                                                MICHAEL J. REAGAN
                                                United States District Judge