IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANNON R. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  12-cv-168-MJR-SCW |
| | ) |
| DEBBIE ISAAC, | ) |
| | ) |
| Defendant. | ) |

<u>REPORT AND RECOMMENDATION</u>

**WILLIAMS, Magistrate Judge:**

### I. <u>Introduction</u>

This case is before the Court on Defendant's Motion for Sanctions (Doc. 45) and Oral Motion to Dismiss for Lack of Prosecution (Doc. 49). The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a). It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and **GRANT** Defendant's motion to dismiss (Doc. 49).

### II. <u>Findings of Fact</u>

Plaintiff, an inmate formerly housed East Moline Correctional Center, filed suit against Debbie Isaac for deliberate indifference to his serious medical needs. Specifically, Plaintiff alleges that he was forced to consume excessive amount of soy in his diet and he informed Defendant of the ill effects of such a diet, which she ignored (Doc. 3). On August 14, 2012, the Court allowed

Plaintiff's claims to proceed after conducting a threshold review under 28 U.S.C. § 1915A (*Id.*). At that time, the Court also informed Plaintiff of his "continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address" and that failure to comply with the Court's Order could "result in dismissal of this action for want of prosecution." (*Id.*). ***See also* FED.R.CIV.P. 41(b); SDIL LOCAL RULE 3.1(b) ("All…plaintiffs are under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his or her location. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs.").**

Defendant Isaac subsequently filed a Motion for Sanctions (Doc. 45) on April 16, 2014. Defendant indicated that Plaintiff was released from prison on August 9, 2013 and that Defendant contacted Plaintiff at his last know alternative address listed on the IDOC Offender Tracking System and sent Plaintiff a notice of deposition to that address (Doc. 45 at ¶¶ 2-5). On the scheduled date of the deposition, Plaintiff did not appear (*Id.* at ¶ 6). Defendant also noted that Plaintiff never updated his address with the Court upon his release from prison.

In light of Defendant's motion, the Court held a hearing on the matter on May 15, 2014 (Doc. 50). A notice of the hearing as well as a writ for Plaintiff's appearance was sent to Plaintiff's stated address with the Court, East Moline Correctional Center. Plaintiff failed to appear at the hearing. At the hearing, Defendant orally moved for dismissal of the case based on Plaintiff's failure to prosecute (Doc. 49).

### III.   Conclusions of Law

**FEDERAL RULE OF CIVIL PROCEDURE 41(b)** provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Further, the Local Rules provide, and Plaintiff was informed in this Court's

threshold Order, that he is "under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his…location." *See* **LOCAL RULE 3.1(b).** The Court previously warned Plaintiff that his failure to comply with Local Rule 3.1(b) could result in a dismissal of his case (Doc. 3).

While Plaintiff has had ample opportunity to prosecute this case, Plaintiff has failed to file anything in this case since filing a motion to proceed IFP on October 25, 2012. Since that time, Plaintiff has failed to participate in his case, failing to file a response to a motion to dismiss and two motions for summary judgment (Docs. 26, 33, 41, 38, 39, and 44). Plaintiff has also failed to keep the Court appraised of his current whereabouts as he has been released from East Moline Correctional Center, but has not provided an update to the Clerk's office on his current address. Documents have been delivered to the prison but never returned to this Court. Plaintiff's current whereabouts are unknown as he did not respond to Defendants' notice of deposition and he failed to appear at the May 15, 2014 hearing on the motion for sanctions (Doc. 45). Thus, it is apparent to the undersigned that Plaintiff no longer wishes to prosecute his case as he has failed to properly prosecute his claims or provide the Court with his updated address upon his release from prison.

### IV. Conclusion and Recommendation

Because of Plaintiff's failures, the undersigned **RECOMMENDS** that Defendant's oral motion to dismiss (Doc. 49) be **GRANTED** and the pending motion for sanctions (Doc. 45) be **FOUND AS MOOT**. The undersigned also **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED without prejudice** for want of prosecution.

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b),** the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the

District Court or the Court of Appeals.  *See, e.g., Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004).  Accordingly, Objections to this Report and Recommendation must be filed on or before **June 9, 2014**.

    **IT IS SO ORDERED**.
    DATED: May 21, 2014.

                                                  */s/ Stephen C. Williams*
                                                STEPHEN C. WILLIAMS
                                                United States Magistrate Judge