IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANNON R. DAVIS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 12-cv-0168-MJR-SCW |
| DEBBIE ISAAC, | ) |
| Defendant. | ) |

# MEMORANDUM & ORDER

This civil rights action was commenced by Plaintiff Shannon Davis in February 2012 under 42 U.S.C. § 1983 (Doc. 1). A threshold review under 28 U.S.C. § 1915A was conducted on August 14, 2012, wherein monetary claims against Defendants Godinez and Bates were dismissed with prejudice, with the remainder of the claims allowed to proceed (Doc. 3). On August 6, 2013, the undersigned District Judge granted a Motion to Dismiss on behalf of Defendant Bates (Doc. 38) and a Motion for Summary Judgment on behalf of Defendant Shepherd (Doc. 39). This was followed on February 26, 2014, with the Court granting a second Motion for Summary Judgment, dismissing all injunctive claims, which included the remaining claim against Defendant Godinez (Doc. 44). As of that date, the only remaining claim was for monetary damages against Defendant Isaac. The Plaintiff responded to none of the above motions.

Defendant Isaac subsequently filed a Motion for Sanctions (Doc. 45). In the filing, the Defendant noted that Plaintiff had been released from prison on August 9,

2013.  The Defendant contacted Plaintiff at the last known address listed by the Illinois Department of Corrections Offender Tracking System, and sent the Plaintiff a notice of deposition to that address (Doc. 45 at ¶¶2-5).  At the time, date, and location directed by the notice, the Plaintiff did not appear (*Id.* at ¶6).  Further, the Defendant noted that the Plaintiff never updated his address with the Court upon release from prison.  The Court notes that Court documents still indicate the East Moline Correctional Center as the Plaintiff's address.

The Honorable Magistrate Judge Stephen C. Williams conducted a hearing on May 15, 2014 (Doc. 50) to address the Defendant's Motion for Sanctions.  At that hearing, counsel for the Defendant made an oral Motion to Dismiss for lack of prosecution (Doc. 49).  Plaintiff failed to show for the hearing.

Now before the Court is a Report and Recommendation ("R&R") submitted by Judge Williams on May 21, 2014 (Doc. 51), detailing the above series of facts, noting that the Plaintiff has had ample opportunity to prosecute the case, but has filed nothing with the Court since October 25, 2012, when he filed a Motion to Proceed *in forma pauperis* (Doc. 22).  It further specifically warned that continued neglect of the lawsuit could result in dismissal under Federal Rule of Civil Procedure 41(b).  The R&R recommended that the undersigned District Judge grant Defendant Isaac's oral Motion to Dismiss, deny the pending Motion for sanctions as moot, and to dismiss the case without prejudice for want of prosecution.  The parties had until June 9, 2014, to object to the R&R, and that deadline has elapsed.  No party filed any objections or requested an extension of the objection-filing deadline.  Accordingly, pursuant to 28 U.S.C. §

636(b), the undersigned District Judge need not conduct *de novo* review of the R&R.  **28 U.S.C. § 636(b)(1)(C)** ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  *See also Thomas v. Arn*, 474 U.S. 140 (1985); *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 741 (7th Cir. 1999); *Video Views Inc., v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986).

The Court hereby **ADOPTS** the R&R (Doc. 51) in its entirety, **GRANTS** Defendant's oral Motion to Dismiss for want to prosecution (Doc. 49), and **DENIES as MOOT** Defendant's Motion for Sanctions (Doc. 45).  All settings related to this matter are hereby cancelled.  The Clerk of Court **SHALL** enter judgment accordingly.

IT IS SO ORDERED.

DATED:   July 31, 2014

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge